IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02746-PAB

HUBERT DUME,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Hubert Dumé's Petition for Writ of Habeas Corpus [Docket No. 2].  Respondents filed a response.  Docket No. 7.

## I. BACKGROUND[1]

Petitioner is a 42-year-old citizen of Haiti.  Docket No. 2 at 5, ¶ 14.  Petitioner is married and has three children.  *Id.* at 6, ¶ 19.  In Haiti, petitioner was politically active.  *Id.*  Due to this political activity, members of opposition parties threatened petitioner and his family.  *Id.*  In 2023, members of opposition parties broke into petitioner's house and beat him.  *Id.*  Petitioner awoke in the hospital and still suffers pain in his head and jaw

---

[1] The following facts are taken from the habeas petition.  Docket No. 2. Respondents do not dispute any facts and do not provide any facts of their own.  *See generally* Docket No. 7.

from the attack.  *Id.*  Petitioner reported the threats and beating to the police, but the police proved unwilling or unable to assist.  *Id.*, ¶ 20.  Fearing for the safety of himself and his family, petitioner left Haiti in September 2023.  *Id.*

Petitioner traveled through several countries, before arriving in Mexico.  *Id.*, ¶ 21. Petitioner waited in Mexico for several months in order to lawfully present himself at the border pursuant to a scheduled appointment through the Customs and Border Patrol ("CBP") One application.  *Id.*  On May 15, 2024, the date of his appointment, petitioner presented himself at the Hidalgo, Texas port of entry.  *Id.* at 7, ¶ 24.  At the port of entry, CBP officers granted petitioner a two-year humanitarian parole and issued him a Notice to Appear.  *Id.*, ¶ 25.  On October 14, 2024, petitioner filed an application for Temporary Protected Status.  *Id.* at 9, ¶ 33.

On January 17, 2026, petitioner was delivering food for DoorDash when he was pulled over by the police.  *Id.* at 10, ¶ 40.  Petitioner was arrested on suspicion of drunk driving.  *Id.*  Immigration and Customs Enforcement ("ICE") detained petitioner at the Weld County Jail and transferred him to the Denver Contract Detention Facility, where he remains detained.  *Id.*, ¶ 41.  ICE did not provide written notice to terminate petitioner's parole.  *Id.* at 16, ¶ 68.  Petitioner has been scheduled for four hearings on the merits of his application for protection, but all four were continued.  *Id.* at 10, ¶ 42. Petitioner asserts that he is detained pursuant to 8 U.S.C. § 1226(a), *id.* at 12, ¶ 49, which respondents do not dispute.  *See generally* Docket No. 7.

On June 23, 2026, petitioner filed a petition for writ of habeas corpus, bringing claims that respondents are violating the Immigration and Nationality Act ("INA") and his due process rights.  Docket No. 2 at 14-16, ¶¶ 59-68.  Respondents filed a response

indicating that they "are not submitting a brief in opposition to the Petition."  Docket No. 7 at 2.  Respondents "recognize that the Court may then decide to grant the Petition and award appropriate release."  *Id.*

## II.  ANALYSIS

Title 8 C.F.R. § 212.5(e) governs the procedures for terminating a grant of parole.  Section § 212.5(e)(1) states that parole is terminated without written notice when the noncitizen departs from the United States or when his or her parole expires.  8 C.F.R. § 212.5(e)(1).  Otherwise, "parole shall be terminated upon written notice to the alien."  8 C.F.R. § 212.5(e)(2)(i).  Petitioner was detained on January 17, 2026—before his parole had expired.  Docket No. 2 at 10, ¶ 40.  Thus, his parole could only be terminated upon written notice.  Petitioner asserts, and respondents do not dispute, that "there is no evidence that ICE provided him the required written notice to terminate his parole early."  *Id.* at 16, ¶ 68.  "Because Respondents do not address Petitioner's parole status or his parole-related arguments at all, they necessary cannot—and do not— argue (or provide evidence showing) that Petitioner was given the written notice required by regulation."  *Rojas-Ospina v. Baltazar*, No. 26-cv-02075-NYW, 2026 WL 1601680, at *3 (D. Colo. June 4, 2026).  Thus, the Court finds that respondents violated 8 C.F.R. § 212.5(e)(2)(i) by detaining petitioner without providing written notice that his parole was being revoked when petitioner had a valid grant of humanitarian parole.  *See Andreu v. Baltazar*, No. 26-cv-1271-WJM, 2026 WL 1045187, at *4 (D. Colo. Apr. 17, 2026) ("The detention of a noncitizen who has a valid grant of humanitarian parole violates the INA and its implementing regulations.") (citation and internal quotations omitted); *Aldana v. Collins*, 822 F. Supp. 3d 747, 752 (W.D. Tex. 2026) ("because the Court has found that Petitioner's grant of humanitarian parole was still valid when he

was detained on September 3, 2025, the Court finds that Petitioner's detention is unlawful.").

Respondents state, without explanation, that if the Court grants the petition, the appropriate relief would be to direct respondents to hold a bond hearing.  Docket No. 7 at 2.  But courts in this district have found that release is the proper remedy when a petitioner's detention violates 8 C.F.R. § 212.5(e)(2)(i).  *See Andreu*, 2026 WL 1045187, at *4; *Rojas-Ospina*, 2026 WL 1601680, at *3.  Courts in other districts have come to the same conclusion.  *See Aldana*, 822 F. Supp. 3d at 752; *None v. Noem*, 2026 WL 1067506, at *5 (E.D. Cal. Apr. 20, 2026), *report and recommendation adopted*, 2026 WL 1470583 (E.D. Cal. May 26, 2026); *Alcide v. de Anda-Ybarra*, 2026 WL 622663, at *7 (D.N.M. Mar. 5, 2026).  Accordingly, the Court will order respondents to release petitioner from custody.

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Hubert Dumé's Petition for Writ of Habeas Corpus [Docket No. 2] is **GRANTED**.  It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order.  It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED July 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge